611 F.2d 65
 26 Fair Empl.Prac.Cas. 447,
21 Empl. Prac. Dec. P 30,532
James E. SIMMONS, Edward S. Ferebee, Melvin L. Holloman,
Wilson L. Day, Appellants,
v.
Harold R. BROWN, Secretary of Defense; W. Graham Claytor,
Secretary of Navy; Captain H. C. North, Jr.,
Commander, Naval Air Rework Facility, Appellees.
 No. 78-1709.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 5, 1979.
Decided Dec. 28, 1979.
 
 Gail J. Wright, Philadelphia, Pa. (Jack Greenberg, Charles Stephen Ralston, Bill Lann Lee, New York City, Henry L. Marsh, III, Stephanie J. Valentine, Randall G. Johnson, Hill, Tucker & Marsh, Richmond, Va., on brief), for appellants.
 Peter B. Loewenberg, Civilian Personnel Law Division, Office of Gen. Counsel, Dept. of Navy, Washington, D. C. (Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., on brief), for appellees.
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 This action under § 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, comes before this court for the second time. Plaintiffs, four black employees of the Naval Air Rework Facility at Norfolk, Virginia, originally filed this action in 1974 in their behalf and in behalf of a class of similarly situated black employees pursuant to FRCP 23, alleging that they had been the victims of racial discrimination with regard to promotions. On January 20, 1975, the district court denied class action certification on the ground that the named plaintiffs had failed to exhaust certain Title VII class action administrative remedies, and thus denied classwide discovery as unnecessary. After a trial of the individual claims of the named plaintiffs, the district court dismissed the claim on the merits and entered judgment for the government on July 24, 1975.
 
 
 2
 On appeal, this court initially affirmed the district court order in all respects, but on motion for rehearing the government conceded that there was in fact no class action administrative remedy and that the restriction on discovery was therefore inappropriate. This court, in an order dated October 4, 1977, concluded that it was appropriate
 
 
 3
 (1) to remand to the district court the class action and the discovery issues as they relate to the class action aspect of the case and to withdraw the previous opinion of this court on such issues, as reported in 546 F2d 1100; but (2) to affirm the dismissal of the individual claims of the appellants, subject upon motion of appellants, to reconsideration of their individual claims in the light of the evidence which may be developed in the course of the disposition of the class action aspect of the case, including any discovery had in connection therewith.
 
 
 4
 On remand, the plaintiffs filed a motion to certify a class after conducting discovery, and on May 25, 1978, the district court again denied class certification, holding that, the named plaintiffs having failed to move to have their individual claims reconsidered,[1] the judgment that none of the four named plaintiffs was discriminated against because of his race prevented them from representing the proposed class. See East Texas Motor Freight Systems, Inc. v. Rodriguez, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).
 
 
 5
 After the filing of the district court's opinion, this court decided Goodman v. Schlesinger, 584 F.2d 1325 (4th Cir. 1978). In Goodman, the district court, prior to trial, denied class certification on the ground that the plaintiffs had failed to establish any of the requirements of FRCP 23(a). That case on the merits was tried to the district court which found against the individual plaintiffs and dismissed the action. On appeal, this court affirmed the dismissal of the individual claims, but vacated the denial of class certification and remanded the case for further proceedings to allow a new plaintiff time to come forward and represent the potential class. Goodman is directly on point and thus we follow its holding.
 
 
 6
 As to the individual plaintiffs in the case now before us, they have had their day in court and thus are precluded from participating in any class that may later be certified. Goodman, supra; Cox v. Babcock & Wilcox, 471 F.2d 13 (4th Cir. 1972). The district court here found that the named plaintiffs failed to establish racially discriminatory promotional policies, and the named plaintiffs, having now completed full discovery for purposes of class certification, have failed to show that they belong to any potential class.
 
 
 7
 With regard to the class action, however, we remand with instructions that the class action be retained on the docket for a reasonable time to permit a proper plaintiff, with grievances similar to those of the named plaintiffs here, to come forward and prosecute the action as a class representative. Should such a plaintiff come forward, the district court should decide whether a class action is maintainable and whether any new plaintiff is a proper representative of the class. The court should consider the entire record before it, including the record of the trial and all matters obtained through discovery. If no representative plaintiff comes forward within a reasonable time, the district court should enter final judgment for the defendants.
 
 
 8
 AFFIRMED IN PART, and VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 The plaintiffs point to no facts developed on remand to lend any additional validity to the plaintiffs' individual claims; neither did they so do in their motion to reconsider the district court's order, rather insisting, as they do here, that they had the right to proceed with the original named plaintiffs